## S. W. EWING ET AL. v. NORTH VERSAILLES TP.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
NO. 1 OF ALLEGHENY COUNTY.

Argued October 26, 1891—Decided January 4, 1892.

(a) A township highway, unguarded by barriers, lay between two railroads the fills of which crowded it somewhat on either side. The plaintiff's cattle, driven thereon, were frightened by a train on one railroad, and ran off upon the track of the other railroad, where they were struck by a locomotive and killed.

Charge of Court below.

1. In trespass against the township, the questions whether the defendant was negligent in not providing barriers, and whether the absence of the latter was the proximate cause of the injury, were properly submitted for the determination of the jury: West Mahanoy Tp. v. Watson, 112 Pa. 574, distinguished.*

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-LIAMS, McCOLLUM and MITCHELL, JJ.

No. 9 October Term 1891, Sup. Ct.; court below, No. 396 December Term 1889, C. P. No. 1.

To the first Monday of November, 1889, Samuel W. Ewing and James D. Linn brought trespass against North Versailles township. Issue.

At the trial, on October 27, 1890, it was shown that on September 10, 1889, the plaintiffs were driving two cattle along a public highway in defendant township, south of the village of Port Perry, in the direction of Duquesne borough; that said highway lay between the Balt. & O. railroad and the Pittsb., McK. & Y. railroad; that the roadbed of the former railroad was about thirteen feet, and that of the latter railroad about two feet higher than the bed of the township highway, the fills of both railroads crowding the highway more or less; that no barriers were put up along the highway on either side; that the two cattle were frightened by a train on the Balt. & O. railroad, and ran off upon the road of the Pittsb., McK. & Y. railroad, where they were struck by a locomotive on that railroad and killed.

The court, SLAGLE, J., charged the jury as follows:

This is an action by Ewing and Linn to recover from the township of North Versailles the value of two head of cattle that were killed upon the Pittsburgh, McK. & Youghiogheny railroad. The ground of the action is that the injury and consequent death of the cattle were caused by the negligence of the township in the maintenance of its road; and, therefore, the first question for you to determine would be, were the township officers negligent in the mode of maintaining the road?

It is the duty of township officers to make their roads safe for travel. There is no allegation that this road was not, as far .

* See, also, West Mahanoy Tp. v. Watson, 116 Pa. 344.

as the roadbed itself was concerned, proper and sufficient, and well kept. The evidence would indicate that it was wide enough for ordinary use; even a less width, twenty-five feet, would give plenty of room for wagons to pass, and if it is thirty feet wide it is as wide as most country roads are. But the ground of the claim on the part of the plaintiffs, is that at this point the road and its surroundings were such that it was not reasonably safe for travel without a barricade, to keep horses and cattle from running upon the railroad. In reference to that, it has been held that where the ground contiguous to a public road is such as to require barricading, it is the duty of the township to put up proper barricades. In one case it has been said: "It matters not, we think, whether the danger arose from an imperfection in the road itself or from an excavation in it outside of the traveled route, or from the existence of a declivity or stream of water at the roadside, or from a railroad upon which locomotives and trains of cars are accustomed to pass; if there is a concurrence of circumstances which render the road a place of peril and danger to the traveler, the township is held to do whatever is reasonable and practicable to avert the danger which threatens:" [Plymouth Tp. v. Graver, 125 Pa. 36.] So that, if alongside the road there is a steep embankment and river, as in one case mentioned in the books, or a railroad, as in another, upon which persons may, without negligence on their own part, be thrown and receive damage, the public authorities are bound to protect them by suitable barricades, to prevent their being thrown upon this dangerous ground.

[No barricades were put up; and the question for you to determine is whether the circumstances of this particular case were such as to require that barricades should have been put up by the township authorities. Was it reasonably necessary, would ordinarily prudent men, protecting the public against damage, have put up a barricade to prevent cattle or horses, when frightened, from running upon this railroad? That would depend somewhat upon the ground between the public road and the railroad. You observe, I use the word "contiguous;" that does not necessarily mean actually touching, but in the immediate neighborhood. A few feet of space might not make any difference. If there was a large space between

Charge of Court below.

the railroad and the public road, it might become unnecessary to protect people from damages on the railroad. The question for you to determine is, was this railroad sufficiently near this public road as to make it a reasonable and proper precaution on the part of the defendant township, to put up barricades? As has been stated, public authorities are not bound to make their road safe for runaway horses, but they are bound to take into consideration the ordinary character of horses, the danger of fright, a sudden movement from the road upon any dangerous point that is near it; and, taking those matters all into consideration, you will first determine whether or not it was negligence on the part of this township, to leave this particular spot or part of their road unguarded by the proper barricades. If you find that there was no negligence, that the circumstances were not such as to require them to put up barricades, then your verdict should be for the defendant.] [2]

[The next question is, whether or not the accident was the probable result of this negligence on the part of the defendants, if there was such negligence. In determining what is proximate cause, "the true rule is, that the injury must be the natural and probable consequence of the negligence; such a consequence as under the surrounding circumstances of the case might, and ought to have been foreseen by the wrongdoer as likely to flow from his act." That is a very clear and succinct rule, which you can fully understand and apply to this case. Was the accident that occurred here, one that, under the circumstances, the defendant ought to have foreseen and guarded against, and was the injury the natural result from the accident which occurred, that is, the frightening of these animals? Was the injury on the railroad the natural and probable result of such concurrence of circumstances? If, so, and if the defendant was negligent in not providing against it, the plaintiffs would be entitled to recover.] [4] Of course, the damage is the value of these animals, which were totally lost as is undisputed. The cost of them you have, and that would be their probable value.

I am requested by counsel for defendant to instruct you :

1. That under all the evidence in the case it is the duty of the jury to render a verdict for the defendant.

Answer: Refused.[1]

Opinion of the Court.

2. The plaintiffs' undisputed testimony showing that these cattle were not killed or injured on the township road, but were killed or mortally injured on the track of the Pittsb., McK. & Y. railroad, by the cars of a moving train not owned or controlled by the township, which ran upon and killed or mortally injured them, the negligence of the township, if any, was not the proximate, but the remote cause of the killing or injury of the cattle, and the plaintiffs cannot recover their value in this case.

Answer: This is refused. I have submitted that to the jury, as a question for your decision and not for the court.[3]

—The jury returned a verdict for the plaintiffs for $93.35. Judgment having been entered, the defendant took this appeal, assigning for error:

1, 3. The answers to the defendant's points.[1][3]

2, 4. The portions of the charge embraced in [ ] [2][4]

*Mr. D. F. Patterson* (with him *Mr. E. F. Duffy*), for the appellant.

That the question of defendant's negligence was for the court, counsel cited: Lower Macungie Tp. v. Merkhoffer, 71 Pa. 276; North Penna. R. Co., v. Rehman, 49 Pa. 101. And the question of proximate cause, also: Hoag v. Railroad Co., 85 Pa. 293; West Mahanoy Tp. v. Watson, 112 Pa. 574; Morrison v. Davis, 20 Pa. 171.

*Mr. Charles B. Payne*, for the appellees.

Counsel cited: (1) Plymouth Tp. v. Graver, 125 Pa. 36; Aston Tp. v. McClure, 102 Pa. 322; Pittston Bor. v. Hart, 89 Pa. 389; Hey v. Philadelphia, 81 Pa. 44; Lower Macungie Tp. v. Merkhoffer, 71 Pa. 276. (2) Pittsburgh v. Grier, 22 Pa. 54; Scott v. Hunter, 46 Pa. 194; Plymouth Tp. v. Graver, 125 Pa. 36; Newlin Tp. v. Davis, 77 Pa. 317; Burrell Tp. v. Uncapher, 117 Pa. 353.

PER CURIAM:

The court below left to the jury the question of the duty of the township to erect barricades along the road in question, so as to prevent cattle from getting on the railroad. This submission was proper, unless we are prepared to rule it as a matter

of law. The situation was altogether peculiar. The road in question is located between two railroads, and it is about thirteen feet lower than the grade of the one, and two feet lower than the grade of the other. The plaintiffs were driving two cattle along the road, when they became frightened by an approaching train upon the higher road, and ran off the wagon road upon the other railroad, and were killed by a train. As before observed, there was no barricade at this point. The road itself was safe for ordinary travel, saving only its proximity to the railroads. The plaintiffs claimed that the township was negligent in not having a proper guard at this point. We do not see how the court below could have withdrawn this question from the jury, unless we hold that a township is not bound, under any circumstances, to erect guards at dangerous places. This we cannot do. We have too many authorities, and many of them our own, which rule the contrary.

The further point was made that the absence of a guard was not the proximate cause of the injury, and West Mahanoy Tp. v. Watson, 112 Pa. 574, was cited in support of this view. We do not think that case sustains the defendant's contention. There, two horses had left the highway, and were found the next day upon the railroad track, several miles from where the sleigh had been overturned. They had evidently been killed by a train. We held that the defect in the highway was not the proximate cause of their death, the two events being too widely separated. The case is different here. The frightened cattle climbed up the shallow bank, and were almost instantly killed. We cannot say, therefore, that the absence of a guard was not the proximate cause. Indeed, were we to rule it at all, we would be inclined to say that it was. It was properly left to the jury.

Judgment affirmed.